UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-25047-BLOOM/Otazo-Reyes

VICTOR ARIZA,

    Plaintiff,

v.

WALTERS & MASON RETAIL, INC.,
*a foreign for-profit corporation*
*doing business as* Altar'd State,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Walters & Mason Retail, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's Complaint, ECF No. [7], filed on January 4, 2021. Plaintiff Victor Ariza ("Plaintiff" or "Ariza") filed a Response, ECF No. [9], to which Defendant filed a Reply, ECF No. [10]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part.

### I.    BACKGROUND

Plaintiff, who is visually disabled, has sued Defendant pursuant to Title III of the Americans with Disabilities Act ("ADA") because Defendant's website is not accessible to the visually disabled. *See generally* ECF No. [1]. Defendant is in the business of retail and online sales of women's clothing, jewelry, and accessories. *Id.* ¶¶ 7, 12. Defendant operates a website that provides information to the public regarding the various locations of Defendant's stores, available

products and branded merchandise, tips and advice, editorials, sales campaigns and events, and through which Defendant also sells merchandise and goods. *Id.* ¶¶ 12-13.

As alleged in the Complaint, Plaintiff "is and has been a customer who is interested in patronizing, and intends to patronize in the near future . . . Defendant's physical stores[.]" *Id.* ¶ 17. He also alleges that the "opportunity to shop and pre-shop" Defendant's products "from his home are important accommodations for Plaintiff because traveling outside of his home as a visually disabled individual is often [a] difficult, hazardous, frightening, frustrating and confusing experience." *Id.* ¶ 18. During the month of October, 2020, Plaintiff attempted on several occasions to access Defendant's website. *Id.* ¶ 20. In order to access the internet and communicate with websites, Plaintiff utilizes screen reader software. *Id.* ¶ 21. However, Defendant's website contains access barriers, such as mislabeled links, that prevent free and full use by visually disabled individuals using keyboards and screen reader software. *Id.*

In Count I, Plaintiff seeks declaratory and injunctive relief under the ADA to compel Defendant to make its website accessible to the visually disabled. In Count II, Plaintiff asserts a trespass claim for damages premised upon his inability to read the website's notice regarding the use of software that collects a user's personal information and browsing history.

In the Motion, Defendant seeks dismissal of both Counts. It argues that the Court should dismiss the ADA claim for lack of subject matter jurisdiction based upon lack of standing, and decline to exercise supplemental jurisdiction because the trespass claim presents a novel issue of state law.

## II. LEGAL STANDARD

One element of the case-or-controversy requirement under Article III of the United States Constitution is that plaintiffs "must establish that they have standing to sue." *Raines v. Byrd*, 521

U.S. 811, 818 (1997). "The law of Article III standing serves to prevent the judicial process from being used to usurp the powers of the political branches, and confines the federal courts to a properly judicial role." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013)) (alteration adopted; citations omitted). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redress[a]bility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Specifically, "[t]o have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003); *see Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 980 (11th Cir. 2005) (same).

"'The party invoking federal jurisdiction bears the burden of proving standing.'" *Fla. Pub. Interest Rsch. Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (quoting *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000)). A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction and takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at 1529); *see*

3

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.").

Through this lens, the Court considers the Motion.

### III. DISCUSSION

Defendant purports to raise both facial and factual attacks on jurisdiction. It first argues that the Complaint fails to establish a nexus between the allegedly inaccessible website and a physical place of public accommodation.[1] Defendant further contends that Plaintiff lacks standing to assert a claim for injunctive relief because he has not adequately pleaded a threat of future harm or injury-in-fact. Finally, Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim because it presents a novel and complex issue of state law. The Court considers each argument in turn.

#### A. Plaintiff sufficiently alleges a nexus

Defendant argues first that Plaintiff lacks standing to assert his ADA claim because the Complaint fails to establish a nexus between the purportedly inaccessible website and a physical place of public accommodation. Here, as in a case involving a similar claim and allegations, the Court finds that Plaintiff's allegations are sufficient. *See Fuller v. Mazal Grp. LLC*, No. 18-cv-60456, 2018 WL 3584700, at *3-4 (S.D. Fla. July 24, 2018).

Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, *services*, facilities, *privileges*, *advantages*, or accommodations of any place of public accommodation by any person who owns,

---

[1] Despite Defendant's contention, its attack is a facial one, as Defendant has not submitted any evidence to contradict the allegations in the Complaint. According to Defendant, the Complaint is devoid of specific allegations which would establish standing.

4

leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (emphasis added). "Title III is meant to prevent owners of public places of accommodation from creating barriers that would restrict a disabled person's ability to enjoy the defendant entity's goods, *services*, and *privileges*." *Rendon v. Valleycrest Prods.*, 294 F.3d 1279, 1283 (11th Cir. 2002) (emphasis added).

Although the Eleventh Circuit has not directly addressed whether websites are places of public accommodation within the meaning of the ADA, the Eleventh Circuit has held that a plausible claim for violation of the ADA exists where a website is a service that facilitates the use of a physical location. *Haynes v. Dunkin' Donuts LLC*, 741 F. App'x 752, 754 (11th Cir. 2018). In addition, district courts in the Eleventh Circuit have held that a website is subject to the ADA if a plaintiff can establish a nexus between the website and the physical premises of a public accommodation. *See, e.g. Gomez v. Bang & Olufsen Am., Inc.*, No. 16-23801, 2017 WL 1957182, at *3 (S.D. Fla. Feb. 2, 2017) (citing *Rendon* for the proposition that if a plaintiff establishes some nexus between the website and the physical place of public accommodation, the plaintiff's ADA claim can survive a motion to dismiss); *Access Now, Inc. v. Sw. Airlines Co.*, 227 F. Supp. 2d 1312, 1320 (S.D. Fla. 2002); *see also Fuller v. Smoking Anytime Two, LLC*, No. 18-cv-60996-UU, 2018 WL 3387692, at *3 (S.D. Fla. July 11, 2018).

Upon review, the Court finds that Plaintiff has sufficiently pleaded a nexus between Defendant's website and its physical stores. Plaintiff alleges that the website allows users to purchase Defendant's merchandise also for sale in the stores, purchase gift cards for use in the stores, check gift card balances, and sign up for an electronic mailer to receive offers, benefits, exclusive invitations, and discounts for use in the stores. *See* ECF No. [1] ¶ 15. Plaintiff's allegations regarding discounts and shopping opportunities apply directly to the "services" and

"privileges" that Title III of the ADA seeks to protect. As such, Plaintiff has adequately alleged a nexus between Defendant's website and its physical stores because the website is "an extension of, and gateway to" those stores. *Id. See, e.g. Earll v. eBay, Inc.*, 599 F. App'x 695, 696 (9th Cir. 2015); *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 614 (3rd Cir. 1998); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1010-11 (6th Cir. 1997).

Defendant cites to *Gomez v. Knife Management, LLC*, No. 17-cv-23843-GAYLES, 2018 U.S. Dist. LEXIS 159178, at *6 (S.D. Fla. Sept. 14, 2018) in support for dismissal of the Complaint. Defendant points out that in *Knife Management, LLC*, among the reasons for dismissal of the complaint was that the plaintiff failed to allege his access to the website in question was tied to his access of the restaurant. However, *Knife Management, LLC* is distinguishable. There, the allegations regarding the website included that it "provides information about Defendant's public accommodation, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons." 2018 U.S. Dist. LEXIS 159178, at *2. Here, in contrast, Plaintiff alleges that Defendant's website denies him certain privileges and services of the physical stores, including the ability to purchase merchandise and gift cards, and to receive offers and discounts for use in the stores. As a result, Plaintiff's allegations set forth that that Defendant's website is a service that facilitates the use of the physical location and not merely for informational purposes as in *Knife Management, LLC*. As such, Plaintiff has alleged a sufficient nexus between Defendant's website and its physical stores.

### B. The allegations are sufficient to establish Plaintiff's standing to assert a claim for injunctive relief

Defendant argues that Plaintiff lacks standing because Plaintiff has not alleged that he visited any of Defendant's locations, that he has any actual concrete plan to visit any of Defendant's locations in the future, or that he lives in close proximity to any of Defendant's

physical locations. Defendant also argues that Plaintiff has not explained how he suffered a concrete harm since the same information he wishes to obtain through the website can just as easily be obtained by calling Defendant's stores.

Plaintiff's "standing to seek the injunction requested depend[s] on whether he [i]s likely to suffer future injury." *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1334 (11th Cir. 2013) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). Plaintiff "must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1283 (11th Cir. 2001). "That requires 'a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury.'" *Houston,* 733 F.3d at 1334 (quoting *Shotz v. Cates,* 256 F.3d 1077, 1082 (11th Cir. 2001); *Wooden,* 247 F.3d at 1283). "The following factors are frequently considered by courts when analyzing the likelihood that a plaintiff will suffer a future injury on the defendant's property: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) past patronage of defendant's business, (3) the definitiveness of plaintiff's plan to return, and (4) the plaintiff's frequency of travel near the defendant." *Hoewischer v. Cedar Bend Club, Inc.,* 877 F. Supp. 2d 1212, 1222-23 (M.D. Fla. 2012) (quotation omitted).

Defendant cites to *Johnson v. Speedway, LLC*, No. 18-cv-62972, 2019 WL 2559258, at *6 (S.D. Fla. Apr. 29, 2019) to support its argument that the allegations in this case are insufficient because they do not include definitive language alleging a concrete plan to patronize Defendant's business in the future. In *Johnson*, the Court concluded that the allegation that plaintiff had "a concrete plan to patronize Defendant's . . . gas station when he is treated like other members of the public" was conditional and did not satisfy the definiteness of return. 2019 WL 2559258, at *2. However, a plaintiff's allegation that he or she intends to visit the subject premises in the near

future is sufficient to establish standing to seek injunctive relief under the ADA. *See Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that plaintiff's allegation that he would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA); *Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 866 (11th Cir. 2014) (noting that future injury requirement "satisfied" where plaintiff alleged that she would utilize defendant's services "in the near future").

Plaintiff's allegations are not only that he simply has a concrete plan to patronize Defendant's stores in the future. Rather, Plaintiff has alleged both past and future patronage of Defendant's stores. As the Court previously noted, Defendant's website is not alleged to be simply informational, and Defendant does not point to any authority to support the proposition that Plaintiff must attempt to discern other ways of accessing the services provided by the website prior to asserting a claim for violation of the ADA. Defendant's reliance upon *Norkunas v. Seahorse NB, LLC* is not persuasive, as the ADA claim involved hotel rooms not accessible to a mobility-impaired plaintiff, and not an allegedly inaccessible website. 444 F. App'x 412, 416 (11th Cir. 2011).

The Complaint sets forth the ADA violations on Defendant's website and how his engagement with the physical stores was, and is, hindered by those violations. *See* ECF No. [1] ¶ 20. Plaintiff alleges that he is a resident of Miami-Dade County and "is and has been a customer who is interested in patronizing, and intends to patronize in the near future . . . Defendant's physical stores (including the store located at 2352 East Sunrise Boulevard, Fort Lauderdale, Florida)[.]" ECF No. [1] ¶ 17. Plaintiff alleges further that he intends to patronize Defendant's physical stores in the near future once the website's access barriers are removed or remedied. *Id.* He also alleges that he "desires and intends, in the near future once the Website's access barriers

are removed or remedied, to patronize Defendant's physical stores and to use the Website." *Id.* ¶ 25. These allegations are sufficient. *See Fuller v. Mazal Grp., LLC,* 2018 WL 3584700, at *5.

### C. The Court declines to exercise supplemental jurisdiction over Plaintiff's trespass claim

Finally, Defendant argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim because it presents a novel and complex issue of state law. Upon review, the Court agrees.

Determining whether the Court has supplemental jurisdiction over state law claims "entails a two-step inquiry where the Court must first determine whether it can exercise its supplemental jurisdiction and then whether it *should* exercise that jurisdiction." *Woodard v. Town of Oakman, Ala.,* 970 F. Supp. 2d 1259, 1275 (S.D. Ala. 2013) (citing *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 n.7 (11th Cir. 2012)) (emphasis added). Under § 1367(c), the Court has "discretion not to exercise supplemental jurisdiction . . . in four situations." 28 U.S.C. § 1367(c). These include whether: "(1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* "Any one of the § 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006).

Plaintiff asserts a trespass claim and alleges that Defendant, through its website, places forms of software to collect non-public information on a user's preferences and internet browsing habits to use for targeted marketing and advertising, and that due to his disability, he is unable to comprehend the website and therefore has no choice and no knowledge of Defendant's installation

of data and information tracking software on his computer. ECF No. [1] ¶¶ 50, 52. Defendant argues that no Florida case has addressed whether the use of cookies or collection of browsing history constitutes trespass under Florida law. In response, Plaintiff argues that the claim is neither novel nor complex, yet fails to point to any authority involving a similar claim.

Plaintiff's reliance on *Flagstone Island Gardens, LLC v. Ser*, No. 11-21885-CIV-GRAHAM, 2011 WL 13223685, at \*6 (S.D. Fla. Sept. 13, 2011), is misplaced. Although the court in *Ser* determined that a server is a chattel that can be subject to trespass, the court also acknowledged that "at least one court has held that Florida does not recognize a cause of action for trespass in cyberspace." *Id.* (citing *Inventory Locator Servs., LLC v. Partsbase, Inc.*, 2005 WL 2179185, at \*11 (W.D. Tenn. Sept. 5, 2005) ("Because Florida has previously held that trespass to chattels must involve movable personal property, the state does not recognize a cause of action for trespass to chattels in cyberspace.")). In addition, the claimed trespass in *Ser* involved a former employee accessing her former employer's computer server without authorization to access protected data. *Id.* at \*1. Plaintiff's claim here does not involve trespass on a server, but rather is premised upon his inability to comprehend, due to the website's alleged non-compliance with the ADA, the notice provided regarding the use of software by the website to collect information from a user's computer. Thus, while the website's failure to provide adequate notice may constitute another alleged violation of the ADA, there is no independent cause of action for trespass under the ADA. Plaintiff does not cite, nor has the Court been able to locate, a single Florida case to clarify whether a trespass claim would lie under Florida law in the circumstances alleged in this case.

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's trespass claim. *See Ameritox v. Millenium Labs., Inc.*, 803 F.3d 518, 541 (11th Cir. 2015) (quoting

10

Case No. 20-cv-25047-BLOOM/Otazo-Reyes

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)) ("The doctrine of supplemental jurisdiction is 'designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity' and to allow 'the Judicial Branch . . . to shape and apply the doctrine in that light.'"); *United Mine Workers of Am. v. Gibbs*, 383 U.S 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir.1997) ("State courts, not federal courts, should be the final arbiters of state law.").

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [7]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Defendant's Motion is denied with respect to Plaintiff's ADA claim. As such, Defendant shall file its Answer to the Complaint, **on or before February 8, 2021**.

2. The Court declines to exercise supplemental jurisdiction over Plaintiff's trespass claim, and that claim is therefore dismissed without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 1, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record